## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Yvonne Brown

v.

Robert E. Smith et al.

February 7, 1996

Case No. (Law) CL95-150

By Judge Jerome B. Friedman

Plaintiff's Motion to Exclude Dr. Colin Hamilton as an expert witness is before this court. Based upon argument of counsel and the court's review of the Memorandum in Support of the Motion to Exclude and the applicable case law and code sections, the court finds plaintiff's motion should be denied.

Plaintiff contends Dr. Hamilton should be excluded as an expert witness because of a conflict of interest alleged to exist between Dr. Hamilton and Dr. O'Connell, who treated the plaintiff for an ankle injury prior to and following the accident. The doctors have raised no concerns regarding a conflict of interest. Plaintiff's counsel would have the court police the medical profession by relying on the medical code of ethics to find the physicians' conduct improper. However, this court declines to do so.

The Fourth Circuit addressed an issue similar to the one before this court in *DeFoe v. Duhl*, 286 F.2d 205 (4th Cir. 1961). In *DeFoe*, the original treating physician was the same as the physician chosen by the defendant to examine the plaintiff. The court held that the physician should have been allowed to testify without the consent of the plaintiff because the physical condition of the plaintiff had been put into question by the cause of action. The information acquired by the physician in the initial treatment was found not to be privileged and the court held it could be disclosed. *Id.* In this instance, the testimony in question is not even that of a physician who served a dual role, acting both as the defendant's physician and that of the plaintiff. Dr. Hamilton performed an independent

examination, basing his opinion on information gleaned from the examination and the plaintiff's medical records, both of which would have been available to the examining physician regardless of any association or lack thereof with the initial physician.

The plaintiff in *DeFoe* failed to disclose to her counsel that she had been seen previously by the same physician the defendant requested to perform the examination. *DeFoe v. Duhl*, 286 F.2d 205 (4th Cir. 1961). In the present case, counsel agreed to the physician who would be performing the exam with knowledge of the fact that the physician was in the same practice group as a physician who had treated the plaintiff for other medical problems. Plaintiff now contends endorsement of the order for the IME [independent medical examiner] was based upon a belief that Dr. O'Connell's only involvement with the plaintiff had been treatment for an ankle ailment. Regardless, plaintiff endorsed the order with the knowledge that a physician-patient relationship existed between the plaintiff and a member of the IME's practice group. Plaintiff has provided no law in support of the contention that the agreement should be disavowed and the witness excluded. Furthermore, the court will not now exclude Dr. Hamilton's testimony on the basis that the plaintiff disagrees with the physician's conclusions.

Based on the foregoing reasoning, plaintiff's motion is denied.